UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TYRE FRED NEWSOME SR.,<br><br>                Petitioner,<br><br>        -against-<br><br>HON. CRYSTAL R. VILLASEÑOR; PAMELA<br>SCHEININGER; NEW YORK COUNTY<br>FAMILY COURT,<br><br>                Respondents. | 25-CV-8774 (VSB)<br><br>ORDER OF DISMISSAL |

VERNON S. BRODERICK, United States District Judge:

Petitioner brings this petition for a writ of *habeas corpus* under 28 U.S.C. §§ 2241 &

2254 pro se.  He paid the $5.00 filing fee for this action.  Petitioner challenges orders of the New

York County Family Court, including custody orders and an order of protection against him.  He

names as Respondents Judge Crystal R. Villaseñor, Referee Pamela Scheininger, and the New

York County Family Court.

**STANDARD OF REVIEW**

The Court may entertain a petition for a writ of *habeas corpus* on "behalf of a person in

custody pursuant to the judgment of a State court only on the ground that he is in custody in

violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).

Under Rule 4 of the Rules Governing § 2254 Cases, the Court has the authority to review

and dismiss a § 2254 petition without ordering a responsive pleading from the state, "[i]f it

plainly appears from the petition and any attached exhibits that the petitioner is not entitled to

relief in the district court."  Rules Governing § 2254 Cases, Rule 4; *see Acosta v. Artuz*, 221 F.3d

117, 123 (2d Cir. 2000).

The Court is obliged, however, to construe pro se pleadings liberally and interpret them "to raise the strongest arguments they *suggest*." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal quotation marks omitted) (emphasis in original); *see Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001). Nevertheless, a pro se litigant is not exempt "from compliance with relevant rules of procedural and substantive law." *Triestman*, 470 F.3d at 477 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

## BACKGROUND

The following facts are drawn from the petition.[1] Petitioner Tyre Fred Newsome Sr. ("Newsome") seeks relief under 28 U.S.C. §§ 2241 and 2254, asserting that he is "in custody" due to Family Court orders. He alleges that there are restraints on his liberty, including that there is an order of protection restraining him from contacting his children or their mother, Patricia De La Cruz, that visitation is required to be supervised, and that the court compelled him to undergo a mental health evaluation and has issued "threats of sanctions." (Doc. 1 at 1; Doc. 1-3 at 1–2.)

On January 25, 2022, De La Cruz filed a petition that Newsome argues was unverified and unsworn. (Doc. 1 at 1; Doc. 1-1.) Referee Scheininger found that service of process was proper, even though the affidavit of service is blank.[2] (Doc. 1-1.) Petitioner argues that referees are not authorized by the Family Court Act, and therefore Referee Scheininger acted *ultra vires* without statutory authority or his consent. (Doc. 1 at 1, 3.) Referee Scheininger issued a temporary custody order on default, (Doc. 1-9 at 1), and later a final custody order on default,

---

[1] The Court quotes from the petition verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

[2] Petitioner also attaches an Affidavit of Service By Text, which states that service was made by text pursuant to a directive from the Family Court. (Doc. 1-7 at 10–11.)

which included a finding of assault and incorporated an order of protection against Petitioner, (Doc. 1-10 at 1–2).  Petitioner asserts that, upon investigation, De La Cruz admitted that there was no past or present concerns or history of domestic violence involving Petitioner.  (Doc. 1 at 2.)

On July 9, 2025, Judge Villaseñor held that Petitioner's motion to vacate the default was, in part, "granted to the extent that the Court has scheduled the matter on a traverse hearing." (Doc. 1-14.)  Petitioner characterizes this as a vacatur of the Referee's orders.  Judge Villaseñor thereafter repeatedly postponed the traverse hearing but continued restraining him under what Petitioner believes are "void" orders.

Judge Villaseñor granted relief to De La Cruz on September 3, 2025, directing that the Sheriff or New York City Police Department take immediate custody of the children from Petitioner and return them to their mother.  (Doc. 1-17.)  On September 5, 2025, Judge Villaseñor continued enforcing the allegedly "void" orders by suspending Petitioner's visitation, and she ordered Petitioner to undergo a mental health evaluation.  (Doc. 1-2.)  Petitioner contends that Judge Villaseñor denied his state *habeas* petition on October 9, 2025, without having held a hearing.  (Doc. 1-5.)

Petitioner brings this action against Judge Villaseñor, Referee Scheininger, and the New York County Family Court.  Petitioner seeks to enjoin further enforcement of void orders absent proof of service, consent, and a verified petition.  He seeks an order from this Court immediately vacating the state court custody and protection orders and returning the children to his custody.

**DISCUSSION**

**A.    Custody for purposes of Habeas Corpus**

A petition for a writ of *habeas corpus* under 28 U.S.C. § 2254 permits a petitioner to argue that "he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Duncan v. Walker*, 533 U.S. 167, 176 (2001) ("Nothing in the language of these provisions requires that the state court judgment pursuant to which a person is in custody be a criminal conviction.").

Custody, for purposes of *habeas corpus*, is not limited to actual, physical custody and instead depends on whether there are sufficient restraints on the petitioner's liberty. *Jones v. Cunningham*, 371 U.S. 236, 240 (1963) ("[B]esides physical imprisonment, there are other restraints on a [person]'s liberty, restraints not shared by the public generally, which have been thought sufficient . . . to support the issuance of habeas corpus."); *Nowakowski v. New York*, 835 F.3d 210, 216 (2d Cir. 2016) (petitioners were "in custody" where restrictions prevented them "from exercising the free movement and autonomy available to the unrestricted public, or exposed them to future adverse consequences on discretion of the supervising court"). "[T]he custody requirement is 'designed to preserve the writ of *habeas corpus* as a remedy for severe restraints on individual liberty.'" *Vega v. Schneiderman*, 861 F.3d 72, 74 (2d Cir. 2017) (quoting *Hensley v. Mun. Ct., San Jose Milpitas Jud. Dist.*, 411 U.S. 345, 351 (1973)).

The Second Circuit has rejected the argument that being subject to an order of protection constitutes custody:

> [Petitioner] contended that although she was not incarcerated at the time she filed her petition, she was still "in custody" within the meaning of § 2254(a) because she was subject to an order of protection that imposed a significant restraint on her liberty. . . .
>
> Although [petitioner] faced the possibility of some new charge and future sanction if she were to violate the order of protection, we are not convinced that the

4

entirely speculative possibility of a future charge for a future violation is sufficiently severe to place [petitioner] "in custody" for purposes of the *habeas* statute. If this were enough, every state order of protection could become the subject of federal *habeas* litigation.

*Id.* at 74–75; *Triestman v. Schneiderman*, 715 F. App'x 97, 98 (2d Cir. 2018) ("[W]e reject Triestman's argument that the requirement that he stay away from his daughter except for therapeutic visitations renders him 'in custody' within the meaning of the *habeas* statutes."); *see also Holmes v. Satterberg*, 508 F. App'x 660, 661 (9th Cir. 2013) (holding that "[t]he state court's order that [petitioner] shall have no contact with the victims of his harassment did not place a severe and immediate restraint on [petitioner's] individual liberty, and thus does not render him in custody for *habeas* purposes" (internal quotation marks omitted)). Petitioner's argument that he can be deemed in custody based on the order of protection is unsupported by the law and facts and is therefore unavailing.

Insofar as Petitioner argues that his children are in state custody, the Supreme Court has held that federal *habeas* is not available to challenge parental rights or child custody. *Lehman v. Lycoming Cnty. Children's Servs. Agency*, 458 U.S. 502, 511 (1982) ("[F]ederal habeas has never been available to challenge parental rights or child custody."); *Stumpf v. NYS Dep't of Child Prot. Servs.*, 605 F. Supp. 3d 503, 505 (W.D.N.Y. 2022) ("It is well established that a petition for habeas relief pursuant to section 2254 is not an appropriate vehicle for challenging a child custody determination." (quoting *Woolsey on behalf of R.M.R. v. Mitzel*, No. 17-CV-0074, 2017 WL 2241527, at *2 (N.D.N.Y. Feb. 27, 2017), *report and recommendation adopted*, 2017 WL 2242953 (N.D.N.Y. May 22, 2017)); *Middleton v. Att'ys. Gen. of N.Y., Pennsylvania*, 396 F.3d 207, 209–10 (2d Cir. 2005) (explaining that "federal courts do not have jurisdiction to review by means of a habeas application a state court's child-custody determination"). Accordingly, because Petitioner fails to allege facts showing that he is in custody, I lack

jurisdiction over his petition for a writ of *habeas corpus* under 28 U.S.C. §§ 2241, 2254, and dismiss it without prejudice.

**B.     No Jurisdiction to Review Family Court Orders**

Even if I were to treat the petition as a civil rights action seeking an injunction to vacate the orders of the Family Court based on the actions of Judge Villaseñor, Referee Scheininger, and the New York County Family Court, I lack jurisdiction to order such relief.

Federal district courts lack authority to review a final state court order or judgment. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291–92 (2005); *McKithen v. Brown*, 481 F.3d 89, 96 (2d Cir. 2007) (holding that 28 U.S.C. § 1331 "is a grant of original jurisdiction, and does not authorize district courts to exercise appellate jurisdiction over state-court judgments, which Congress has reserved to the Supreme Court, *see* 28 U.S.C. § 1257(a)." (internal quotation marks omitted and alterations adopted)).  District court review of claims is barred, under the *Rooker-Feldman* doctrine, [3] when four requirements are met:  (1) the litigant lost in state court; (2) the litigant complains of injuries caused by a final state court order or judgment; (3) the litigant invites district court review and rejection of the final state court order or judgment; and (4) the final state court order or judgment was rendered before the district court proceedings commenced.  *Dorce v. City of New York*, 2 F.4th 82, 101 (2d Cir. 2021).

Here, Petitioner challenges adverse Family Court orders issued by Judge Villaseñor and Referee Scheininger, rendered before he filed this petition, determining that he had been duly served with the summons and awarding custody.  Newsome asks me to review and overturn these orders.  Because federal district courts lack jurisdiction to review state court orders, these

---

[3] The *Rooker-Feldman* doctrine takes its name from two cases:  *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415–16 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482–86 (1983).

claims must be dismissed for lack of jurisdiction even if they had been properly brought as a civil action.[4]

## C.    Judicial Immunity

Judges are absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities. *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991). Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009); *see Stump v. Sparkman*, 435 U.S. 349, 362 (1978) (the inquiry focuses on whether the judge was performing a "function normally performed by a judge").

Moreover, in the Federal Courts Improvement Act of 1996 ("FCIA"), Congress amended 42 U.S.C. § 1983 to provide that in "any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983, as amended by FCIA, § 309(c), Pub. L. No. 104–317, 110 Stat. 3847, 3853 (1996). This amendment applies to federal and state court judges. *See Bliven*, 579 F.3d at 207–209 (2d Cir. 2009) (affirming dismissal of claims for injunctive relief against state family court judge based on the amendment).

Petitioner brings claims against Judge Villaseñor and Referee Scheininger based on their decisions in cases before them, which constitute judicial acts. Petitioner does not allege that

---

[4] Moreover, even when a federal district court has subject matter jurisdiction, it generally must abstain from exercising jurisdiction of claims in which it is "asked to grant a divorce or annulment, determine support payments, or award custody of a child" so long as those claims may be fully and fairly determined in the state courts. *See Am. Airlines, Inc. v. Block*, 905 F.2d 12, 14 (2d Cir. 1990) (internal quotation marks omitted); *Deem v. DiMella-Deem*, 941 F.3d 618, 621 (2d Cir. 2019) (affirming district court's dismissal of child custody claims on abstention grounds where the district court had federal question jurisdiction). Nothing in Petitioner's complaint plausibly suggests that his claims regarding custody of his children could not be fully determined in the state courts, where an appeal process is available to correct any error.

Defendants violated a declaratory decree or that declaratory relief is unavailable.  *See, e.g.*, *Davis v. Campbell*, No. 13-CV-0693, 2014 WL 234722, at \*9 (N.D.N.Y. Jan. 22, 2014) ("[D]eclaratory relief against a judge for actions taken within his or her judicial capacity is ordinarily available by appealing the judge's order.").  Petitioner's claims against Judge Villaseñor and Referee Scheininger are therefore also subject to dismissal based on judicial immunity and because injunctive relief is unavailable against these judicial officers.

**D.      Eleventh Amendment Immunity**

Petitioner sues the New York Family Court, which is a part of the New York State Unified Court System.  "[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity."  *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009) (internal quotation marks omitted).  This immunity shields states from claims for money damages, injunctive relief, and retrospective declaratory relief.  *See Green v. Mansour*, 474 U.S. 64, 72–74 (1985).  "[T]he immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state."  *Gollomp*, 568 F.3d at 366.

The New York State Unified Court System and individual state courts, including Family Courts, are arms of the state that are entitled to Eleventh Amendment immunity.  *See id.* at 368 ("[T]he New York State Unified Court System is unquestionably an arm of the State, and is entitled to Eleventh Amendment sovereign immunity." (internal quotation marks omitted)); *Murray v. Thompson*, No. 17-CV-7004, 2018 WL 5113955, at \*4 (S.D.N.Y. Oct. 19, 2018) (holding that a New York Family Court is an arm of the State of New York and is entitled to Eleventh Amendment immunity).

New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity by enacting Section 1983. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977). Any Section 1983 claims against the New York County Family Court are therefore barred by the Eleventh Amendment and cannot proceed in federal court. *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

## E.    Delegation to Referee

Although I need not reach Petitioner's additional arguments, for Petitioner's benefit, I note that the state courts have repeatedly rejected arguments that delegating authority to referees (also referred to as hearing examiners) is unlawful:

> [E]ven if the authority vested in Family Court Hearing Examiners could be shown to infringe in some way upon the province of Family Court Judges, any such infringement would not be an unconstitutional grant of authority because the final authority to review determinations made by Hearing Examiners is reserved for Family Court Judges.

*Carella v. Collins*, 144 A.D.2d 78, 82 (3d Dep't 1989); *see also Boscherini v. Borgia*, 229 A.D.2d 744, 745 (3d Dep't 1996) (rejecting challenge to state law permitting referral of family court matters to hearing examiner, holding that this was not an unlawful delegation of family court's powers to nonjudicial, elected employees and did not violate New York's Constitution).

## F.    Leave to Amend

District courts generally grant a pro se petitioner an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in the petition cannot be cured with an amendment, even if Petitioner were to recharacterize his action as a civil rights complaint, I decline to grant Petitioner leave to amend.

9

**CONCLUSION**

The petition for a writ of *habeas corpus* under 28 U.S.C. §§ 2241 & 2254, is dismissed for lack of jurisdiction because Petitioner is not in custody.

Because the petition at this time makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Court directs the Clerk of Court to enter judgment for Respondents and terminate the case.

SO ORDERED.

Dated:   May 1, 2026
         New York, New York

_____
VERNON S. BRODERICK
U.S.D.J.

10